**TRI–VALLEY CARES et al.,**
**Plaintiffs–Appellants,**

v.

**DEPARTMENT OF ENERGY et al., Defendants–Appellees.**

No. 04–17232.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2006.

Filed Oct. 16, 2006.

Stephan C. Volker, Esq., Gretchen Elizabeth Dent, Joshua Alexander Harris, Law Offices of Stephan C. Volker, Oakland, CA, Alletta D'A. Belin, Belin & Sugarman, Santa Fe, NM, for Plaintiffs–Appellants.

John A. Bryson, Esq., Todd S. Aagaard, Esq., Benjamin Longstreth, Esq., U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, Barclay T. Samford, Esq., U.S. Department of Justice, Environment & Natural Resources Division, Denver, CO, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and HOLLAND,* Senior District Judge.

MEMORANDUM **

Plaintiffs Tri–Valley Cares, Nuclear Watch of New Mexico, and individuals (collectively, "Tri–Valley") appeal the district court's order granting summary judgment in favor of Defendants United States Department of Energy and its auxiliaries (collectively, "DOE"). On appeal, Tri–Valley makes three specific arguments concerning the proposed construction of a federal government biological weapons research laboratory near San Francisco.

First, Tri–Valley asserts that the DOE failed to comply with the National Environmental Policy Act of 1969, 42 U.S.C. §§ 4321–4370 ("NEPA"), by issuing a Finding of No Significant Impact ("FONSI") after analyzing the project in an Environmental Assessment. According to plaintiffs, the proposed research laboratory may have a significant effect on the human environment and, accordingly, the DOE must prepare an Environmental Impact Statement. Second, Tri–Valley claims that, under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), DOE failed timely to provide non-exempt documents. Third and finally, plaintiffs claim that the district court improperly struck portions of plaintiffs' extra-record declarations. We review a district court's grant of summary judgment upholding an agency decision de novo. *Natural Res. Def. Council v. U.S. Dep't of Interior*, 113 F.3d 1121, 1123 (9th Cir.1997).

■ 1. If an Environmental Assessment demonstrates that substantial questions are raised about the environmental effects of a proposed agency action, a FONSI may not be issued and the agency must prepare a full Environmental Impact Statement. *Found. for N. Am. Wild Sheep v. U.S. Dep't of Agric.*, 681 F.2d 1172, 1178 (9th Cir.1982). Plaintiffs challenge the DOE's Environmental Assessment due to its alleged failure to assess fully and correctly potentially significant effects on public health and safety (such as fire, earthquake, and terrorist attacks), uncertain effects posing substantial risks, significant precedential effects, significant cumulative effects, and public controversy.

* The Honorable H. Russel Holland, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Review of agency action under the Administrative Procedure Act, 5 U.S.C. § 706(2), is "highly deferential." *Friends of the Earth v. Hintz,* 800 F.2d 822, 831 (9th Cir.1986). Although Tri–Valley raised some substantial questions about the validity of DOE's substantive conclusions,[1] this court may not substitute its judgment for the reviewing agency's. *Laguna Greenbelt, Inc. v. U.S. Dep't of Transp.,* 42 F.3d 517, 523 (9th Cir.1994) (per curiam). NEPA is a procedural statute that " 'does not mandate particular results,' but 'simply provides the necessary process' to ensure that federal agencies take a 'hard look' at the environmental consequences of their actions." *Muckleshoot Indian Tribe v. U.S. Forest Serv.,* 177 F.3d 800, 814 (9th Cir.1999) (per curiam) (quoting *Robertson v. Methow Valley Citizens Council,* 490 U.S. 332, 350, 109 S.Ct. 1835, 104 L.Ed.2d 351 (1989)). With the exception of the lack of analysis concerning the possibility of a terrorist attack, we hold that the DOE did take a "hard look" at the identified environmental concerns and that the DOE's decision was "fully informed and well-considered." *Save the Yaak Comm. v. Block,* 840 F.2d 714, 717 (9th Cir.1988) (internal quotation marks omitted).

Concerning the DOE's conclusion that consideration of the effects of a terrorist attack is not required in its Environmental Assessment, we recently held to the contrary in *San Luis Obispo Mothers for Peace v. Nuclear Regulatory Commission,* 449 F.3d 1016 (9th Cir.2006). In *Mothers for Peace,* we held that an Environmental Assessment that does not consider the possibility of a terrorist attack is inadequate. *Id.* at 1035. Similarly here, we remand for the DOE to consider whether the threat of terrorist activity necessitates the prepara-

tion of an Environmental Impact Statement. As in *Mothers for Peace,* we caution that there "remain open to the agency a wide variety of actions it may take on remand [and] . . . [w]e do not prejudge those alternatives." *Id.*

■ 2. Plaintiffs requested many documents pursuant to FOIA, and all of the requested documents have been produced. Eventual production, "however belatedly, moots FOIA claims." *Papa v. United States,* 281 F.3d 1004, 1013 (9th Cir.2002) (internal quotation marks omitted). No exception to the mootness doctrine applies because there is no evidence of bad faith or a recurring pattern of FOIA violations by the DOE. *See generally Biodiversity Legal Found. v. Badgley,* 309 F.3d 1166, 1174 (9th Cir.2002) (holding that an agency which exhibited a recurring pattern of correcting regulatory violations immediately after the commencement of litigation could be challenged, as an exception to the mootness doctrine). The district court properly concluded that the DOE's response to Tri–Valley's FOIA requests was adequate, *see Zemansky v. EPA,* 767 F.2d 569, 571 (9th Cir.1985) ("In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith."), and that the often considerable delay was not due to bad faith.

■ 3. The district court did not abuse its discretion by excluding certain extra-record declarations submitted by Tri–Valley. *See Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.,* 100 F.3d 1443, 1447 (9th Cir.1996) (holding that a district court's decision to exclude extra-record evidence is reviewed for abuse of discretion). Judicial review of agency action is general-

---

1. We note in particular the DOE's minimal assessment of earthquake risks despite the presence of known, active faults that run di-

rectly under nearby Berkeley/Alameda County, California.

ly limited to review of the administrative record, 5 U.S.C. § 706; *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir.1988), and extra-record materials are allowed only in certain circumstances, *Sw. Ctr.*, 100 F.3d at 1450 (describing the four categories of circumstances). The district court, after conducting a thorough and detailed analysis of each of the fifteen declarations submitted by Tri–Valley, allowed three declarations in whole and four declarations in part, and excluded eight declarations. The district court found that the excluded declarations contained impermissible legal conclusions, opinions from lay witnesses, or political statements; raised only remote and highly speculative consequences, *Presidio Golf Club v. Nat'l Park Serv.*, 155 F.3d 1153, 1163 (9th Cir.1998); improperly raised information that became available after the agency decision-making process, *Northcoast Envt'l Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir.1998); or were cumulative, *id.* The district court properly excluded the declarations based on these legally valid reasons and therefore did not abuse its discretion.

AFFIRMED in part, REVERSED in part and REMANDED for further action consistent with this decision. The parties shall bear their own costs on appeal.